Per curiam.

The defendants pleaded specially, that they had been sued by plaintiff in the United States court on the same cause of action, and obtained a judgment in their favor, by *130 which they were discharged from all liability on account of the demand sued on in this action.
The plaintiff demurred to the plea, which demurrer was overruled on the 6th of May, and judgment rendered in these words : “ Came the parties aforesaid, and the demurrer of plaintiff to defendants’ plea is overruled, and plaintiff saying nothing, it is considered by the court that defendants go hence with costs.”
On the 8th of May the plaintiff moved to set aside the judgment, and for leave to reply to the defendants’ plea. This motion was continued to the subsequent term and then overruled, to which exception was taken.
On the hearing of the motion, the counsel presented the record of the suit in the United States court, accompanied by an affidavit, that he did not believe it constituted a bar to the present action. That record shows that the judgment was given on demurrer to the declaration, which assigned as cause, that the instrument sued on was not a bill of exchange, and therefore the indorsee could not maintain an action in his own name.
It will thus be seen that the only points presented are, Did the court err in overruling the demurrer and in its judgment thereon! and, secondly, Did it err in refusing to sustain the motion for leave to reply !
The plea seems to be substantially good. If the judgment pleaded was not a sufficient bar, that was only to be determined by taking issue. On a replication of mil tiel record, the legal sufficiency of the judgment would have been a question for determination.
But the second point we think is with the plaintiff in error. Before the statute of 1840, applications to amend were addressed to the discretion of the court. If the court would have had power to allow this amendment before the passage of that statute, it is made a matter of duty since. What was before a matter of discretion is now obligatory. Wharton v. Porter, 10 S. & M. 305. If the application had been made before, or even at the time of the decision on the demurrer, it might have been granted. Gwin v. McCarroll, 1 S. & M. 351. But the *131 argument is, that this application was not made until after final judgment had been entered. This reasoning would be very conclusive if there really had been a final judgment, but the statute makes judgments on demurrer final only on the last day of the term, until which time they may be set aside. H. & H. Dig. 616, § 9. The act of 1840 provides, that if it shall be discovered at the trial term, that the pleadings are defective, they shall be amended. Its object was to have every case tried on its merits. Of course no amendment can be made after trial and final judgment. That terminates the cause. But as this judgment was not final until the last day of the term, the party was still in court, and was bound to answer the motion. Besides, the practice has always been to set aside judgments by default on affidavit of merits, and this judgment is similar in effect.
It was also insisted, that the judgment should have been respondeat ouster, on the authority of Lang v. Fatheree, 7 S. & M. 404. The point was not material in that case, and the remark was evidently made under a mistake, and the rule which applies when a demurrer to a plea has been sustained, was made to apply when it has. been overruled.
The judgment is reversed, and the cause remanded.